**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MATTHEW POSNICK,

                                Petitioner,

        -against-

UNITED STATES OF AMERICA,

                                Respondent.
-------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
05 CV 2763 (ADS)

**APPEARANCES:**

**AVROM ROBIN, ESQ.**
Attorney for the Petitioner
245 Fifth Avenue
Suite 1900
New York, NY 10016

**ROSLYNN MAUSKOPF**
United States Attorney for the Eastern District of New York
Attorney for the Respondent
610 Federal Plaza
Central Islip, New York 11722-4454
        By:    Burton T. Ryan, Assistant U.S. Attorney

**SPATT, District Judge.**

       Matthew Posnick ("Posnick" or the "Petitioner") filed this petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Posnick was sentenced by this Court on April 30, 2004, following his August 17, 1999, plea of guilty to the crimes of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vii). The Petitioner's principal claims are: (1) his counsel was ineffective due to a conflict of interest and in failing to file a

notice of appeal; and (2) his sentence was imposed in violation of 18 U.S.C. § 3553(a) because the Court failed to consider the sentences imposed on other defendants in his case and related cases.

## I. BACKGROUND

Posnick was convicted on his plea of guilty to count one of a two-count indictment for conspiracy to distribute and possess with intent to distribute marijuana. The offense arose out of Posnick's involvement in an operation in which he employed a series of workers to assist him in using businesses as fronts for a drug sale operation. The conspiracy lasted from 1983 until 1998.

On August 17, 1999, Posnick entered into a cooperation agreement ("Cooperation Agreement"), which provided that the Petitioner would plead guilty to a violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vii) and stated that the Petitioner's sentence was governed by the United States Sentencing Guidelines ("U.S.S.G."). The Cooperation Agreement stated that the Government could not and would not make any promise or representation regarding what sentence would be imposed by the Court.

The Cooperation Agreement further stated that if the Petitioner cooperated fully and provided substantial assistance to the Government, the Government would file a motion pursuant to Guidelines Manual § 5K1.1 and 18 U.S.C. § 3553(e) setting forth the nature of the Petitioner's cooperation, permitting the Court, in its discretion, to impose a sentence below the mandatory minimum and below the applicable

Sentencing Guidelines range. The Cooperation Agreement further provided for the Petitioner's forfeiture of various assets to the Government.

At the plea allocution, the Court advised Posnick

> [i]f instead of going to trial you plead guilty to this crime, and I accept your guilty plea, you would be giving up your right to a trial and all the other rights I have just discussed. There will be no trial in this case. There will be no appeal on the question of whether you did or did not commit this crime. The only thing you could appeal is if you thought I or Judge Platt, whoever sentences you, did not properly follow the law in sentencing you.

The Petitioner affirmed that the Government had not made any promises to him and that he understood the consequences of pleading guilty. The Court informed Posnick that the maximum term of imprisonment is life in prison and the minimum term of imprisonment is ten years. The Petitioner stated that he understood the possible sentence and agreed to the forfeiture. The Court further stated "Mr. Posnick, in sentencing you the Court will have to consider the federal sentencing guidelines that control the Court. Have you discussed the Federal Sentencing Guidelines with your attorney?" The Petitioner responded "[a]t length, sir." The Petitioner then explained that he read a book about the sentencing guidelines while in prison. The Court further explained that "[t]he federal guidelines creates a point system that add and subtract mitigating and aggravating circumstances, depending on the individual's conduct and the circumstances surrounding the case." The Court then stated to the Petitioner "[y]ou can get life with this charge." The Petitioner stated that he wanted to go ahead

with his guilty plea. The Court accepted the Petitioner's guilty plea to conspiring to possess and sell marijuana with the intent to distribute.

Prior to sentencing, the Presentence Investigation Report ("PSR") from the Probation Department recommended that Posnick be sentenced at a total offense level of 37 and a criminal history category of I. According to the PSR, the mandatory minimum term of imprisonment is 10 years and the maximum term of imprisonment is life. Based upon a total offense level of 35 and a criminal history category of I, the sentencing guidelines set forth a guideline imprisonment range of 168 to 210 months. The PSR also noted a mandatory minimum term of 5 years supervised release; that Posnick had agreed to the forfeiture of various assets; a fine range of $20,000 to $4,000,000; and a mandatory special assessment of $100. The Probation Department recommended that the Court sentence Posnick to 210 months imprisonment; a $3,000 fine; 5 years supervised release; and a $100 special assessment.

Prior to sentencing, the Government submitted a section 5K1.1 letter requesting that the Court grant a downward departure in sentencing Posnick, due to his cooperation with the Government. The Government noted that Posnick had provided both historical information and proactive assistance aiding in the investigation and prosecution of various career drug dealers. The Government further noted that a number of cooperating defendants involved in Posnick's drug operation

were sentenced to terms of imprisonment of 120 months; 105 months; 30 months; and 48 months.

On April 30, 2004, Posnick appeared for sentencing. The Court noted that the Guideline range was a total offense level 35, criminal history category I, with a term of imprisonment of 168 to 210 months. Posnick affirmed that he had reviewed the PSR and there were no errors. Posnick further stated that he was satisfied with the representation provided by his attorney, Stephen Rosen. The Court found that the Petitioner was a major marijuana distributor and was accountable for at least 9,000 kilograms of marijuana. The Court further found that Posnick was the organizer of this criminal activity and a four level leadership role enhancement was applicable. The Court also found that Posnick cooperated with the Government. The Court further stated that, although it would not determine Posnick's sentence based upon the sentences of others, that a comparable wholesale drug dealer who had cooperated was sentenced to 105 months and a defendant who cooperated and had a guidelines range below the Petitioner, was sentenced to 120 months. The Court noted that it was taking into account the fact that Posnick was a major wholesale distributor of drugs who had committed serious drug crimes, as well as the fact that Posnick had rehabilitated.

The Court sentenced Posnick to a term of 100 months in custody; 3 years supervised release; a fine in the amount of $20,000 to be paid when Posnick is released from prison; and a $100 special assessment fee. The Court informed Posnick

that any appeal had to be filed within 10 days. Judgement was entered on May 20, 2004.

On August 9, 2004, Posnick, with new counsel, moved for an extension of time to file a notice of appeal, arguing that Posnick had asked his attorney to file a notice of appeal following sentencing, but his attorney told him that an appeal was impossible. On September 1, 2004, this Court denied the motion. On October 5, 2004, Posnick appealed. On June 24, 2005, the Second Circuit dismissed the appeal finding that it was untimely and that Posnick's claim that his counsel was ineffective for failing to file an appeal could be resolved on habeas review.

On June 9, 2005, Posnick filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Posnick argues that his trial counsel, Stephen Rosen, was ineffective because he failed to file a notice of appeal. Posnick also claims that trial counsel was ineffective because he was paid from funds forfeited by Posnick and therefore, a conflict of interest exists. Posnick further alleges that his sentence was imposed in violation of 18 U.S.C. § 3553(a) because alleged similarly situated individuals and a defendant arrested through Posnick's cooperation, were sentenced to lesser sentences. Posnick claims that these claims would have been raised on direct appeal.

In opposition to Posnick's petition, the Government argues that: (1) the petition is time barred because it was not filed within one year of the date judgment

was entered; (2) Posnick's ineffective assistance of counsel claim must be dismissed because it fails the test set forth by the Supreme Court in Strickland v. Washington; (3) there was no conflict of interest; and (4) Posnick's sentence conforms to all applicable law.

## II. DISCUSSION

**A.     Section 2255 Statute of Limitations**

As an initial matter, the Court must determine whether Posnick's claims are timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to 28 U.S.C. § 2255, ¶ 6, a federal prisoner has one year to file a habeas petition, measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The date on which a judgment becomes final is at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Under Federal Rule of Appellate Procedure 4(b)(1), in order for a defendant to timely seek

review of his conviction he must file a notice of appeal within ten days of the date of the entry of judgment. Fed. R. App. P. 4(b)(1).

In this case, the time for Posnick to timely seek review of his May 20, 2004 conviction, was June 4, 2004, which is 10 days later, excluding intermediate Saturdays and Sundays. See Fed. R. App. P. 26(a). Accordingly, Posnick had until June 4, 2005 to file his habeas petition. The Court received the habeas petition on May 29, 2005. As such, Posnick's present claims set forth in his § 2255 petition are timely.

**B.      Ineffective Assistance of Counsel Claim**

Posnick argues that his counsel, Stephen Rosen, Esq., was ineffective because he did not file a notice of appeal. In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense.

However, according to the Second Circuit, where, as here

> a defendant claims that his attorney failed to file a requested notice of appeal, the following procedures will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed.

Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006). The Second Circuit "require[s] the district court to hold a hearing without assessing the merits of the requested appeal, where the government's approach would ask the court to first examine the merits to determine whether any appeal would be frivolous." Id. at 776.

8

Accordingly, this Court will hold an evidentiary hearing to determine whether Posnick in fact instructed his attorney to file a notice of appeal. If Posnick "did give such an instruction, he is to be allowed a direct appeal." Id. at 777. As such, the Court is unable to further address Posnick's claims at this time.

### III. CONCLUSION

For the reasons stated above, the parties are directed to appear on May 11, 2007 at 1:30 pm in courtroom 1020 for an evidentiary hearing.

**SO ORDERED.**

Dated: Central Islip, New York
March 5, 2007

                                             */s/ Arthur D. Spatt*
                                               ARTHUR D. SPATT
                                          United States District Judge